UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KENNEDY-HOWE,

    Plaintiff,

v.

                                    CASE NO.:

SUNRUN, INC.,
a/k/a VIVINT SOLAR, INC. and
CAINE & WEINER COMPANY, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, Patrica Kennedy-Howe alleges that Sunrun, Inc., a/k/a Vivint Solar, Inc., ("Sunrun") and Caine & Weiner Company, Inc. ("Caine & Weiner"), are attempting to collect a debt that they do not owe in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Intentional Infliction of Emotional Distress ("IIED").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2. Violations described in the Complaint occurred while Plaintiff was in New Port Richey, Florida.

## FACTUAL ALLEGATIONS REGARDING SUNRUN

3. Plaintiff is a natural person and citizen of the State of Florida, residing in New Port Richey, Florida.

4. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) and 15 U.S.C. § 1692(a)(3).

5. Plaintiff is an "alleged debtor."

6. Defendant Sunrun is a Foreign Profit Corporation with its prinicipal place of business in San Francisco, California, and conducts business in the State of Florida.

7. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) 15 U.S.C. § 1692(a)(5).

8. Plaintiff, Patricia Kennedy-Howe, alleges Defendant, Sunrun's agent, Paul Russert ("Russert"), approached her home as a salesman on behalf of Sunrun (a/k/a Vivent Solar). Russert told Plaintiff and Plaintiff's husband, Allen, that their home had been selected to be involved in a government program to encourage the use of solar panels. He let them know that their home was chosen because of the amount of sun that was shining on their home. Most importantly, he told them that there would be no out-of-pocket money required from them and they would be able determine the number of panels to be applied to their roof.

9. Plaintiff and her husband were assured that there would be no damage to their roof and that the panels could be removed at any time if they changed their

minds. Russert returned to the Plaintiff's home with a contract. Plaintiff's husband, who is on disability for brain damage, due to two car accidents, was coerced into signing the contract without reading it. Plaintiff's husband was never given a copy of the contract and was told that the contract was not valid until his wife, Plaintiff, also signed the contract.

10. Russert never returned for Plaintiff to sign the contract. Several days later, the solar panels were installed.

11. On March 3, 2019, Plaintiff received a bill for $139.00 for the a payment on the solar panels. Understandably, Plaintiff was shocked and contacted Sunrun and spoke with a man named Michael Hatch (no longer with the company), who stated that Plaintiff could not get out of the contract. Plaintiff told Mr. Hatch that they never received a contract and Mr. Hatch emailed the contract to Plaintiff. Plaintiff was distraught when she discovered that the contract stated that she was supposed to pay Sunrun (Vivint Solar) over $44,000 over the course of 20 years. Furthermore, Plaintiff was shocked when she saw that someone had forged her name on the contract. Plaintiff did not sign the contract and the signature is not even close to how Plaintiff signs her name. Someone from Sunrun (Vivint Solar) signed her name without her knowledge or consent.

12. Plaintiff never paid any money to Sunrun and they continue to bill her every month. Plaintiff has received a bill from Duke energy stating she owed back pay on utility bills because her solar panels were turned off.

13. Defendant Sunrun intentionally harassed and abused Plaintiff on numerous occasions by lying to them, and and forging Plaintiff's signature on a contract which can reasonably be expected to be harassment.

14. Defendant Sunrun did not have the "express consent" of the Plaintiff to sign her name on the contract.

15. Plaintiff's conversations with Mr. Hatch of Sunrun put them on notice that Plaintiff did not sign the contract were ignored.

16. Despite actual knowledge of their wrongdoing, the Defendant Sunrun continued the campaign collecting a debt that was not owed.

17. Defendant Sunrun's corporate policy and procedures are structured as to attempt to collect money as the result of a forgery scheme and manipulative sales tactics and to continue to call individuals like the Plaintiff, to collect the alleged debt despite these individuals telling Sunrun that they never signed the agreement and to leave them alone.

18. In the last 3 years, the Defendant Sunrun has had 2,666 complaints reported to the Better Business Bureau (BBB), of which 286 of those complaints are classified as being related to "Billing/Collection Issues."[1]

19. Defendant Sunrun willfully or knowingly violated the FCCPA with respect to the Plaintiff .

---

[1] BETTER BUSINESS BUREAU, https://www.bbb.org/

## FACTUAL ALLEGATIONS REGARDING
## DEFENDANT CAINE & WEINER COMPANY, INC.

20. Defendant Caine & Weiner is a Foreign Profit Corporation with its principal place of business in Sherman Oaks, California, and conducts business in the State of Florida.

21. Defendant Caine & Weiner is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6), and is a Foreign Profit Corporation with its principal place of business in Sherman Oaks, California, and conducts business in the State of Florida.

22. Defendant Caine & Weiner was retained by Sunrun to collect money from Plaintiff for services Sunrun did not have permission by Plaintiff to provide.

23. Plaintiff Patricia Kennedy-Howe, alleges Defendant Caine & Weiner began sending letters to Plaintiff around March of 2019, attempting to collect a debt that the Plaintiff did not owe regarding past-due balances.

24. On August 5, 2021, Defendant Caine & Weiner sent a letter to Plaintiff stating Plaintiff was listed with their company for collection and letting Plaintiff know this was an attempt to collect a debt. In this letter, they asked Plaintiff to notify the office to dispute the validity of the debt.

25. On October 28, 2021, Plaintiff mailed a certified letter, which was received by Defendant Caine & Weiner on November 9, 2021, disputing the validity of this debt. The letter explained that the signature on the contract was forged and that permission was never granted for anyone to sign the contract on behalf of the

Plaintiff. Furthermore, Plaintiff requested that Defendant Caine & Weiner provide to Plaintiff, (1) the amount of the alleged debt; (2) the full name and mailing address of the original creditor for this alleged debt; (3) all documentation concerning verification of this alleged debt. To date, Defendant Caine & Weiner has never responded to this dispute letter.

26. Despite actual knowledge of their wrongdoing, the Defendant Caine & Weiner continued the campaign collecting a debt that was not owed.

27. Defendant Caine & Weiner's corporate policy and procedures is structured as to attempt to collect the alleged debt despite Plaintiff informing Caine & Weiner via a dispute letter, that they never signed the agreemen.

28. In the last 3 years, the Defendant Caine & Weiner has had 254 complaints reported to the Better Business Bureau (BBB), of which 140 of those complaints are classified as being related to "Billing/Collection Issues."[2]

## COUNT I
### (Violation of the FCCPA as to Defendant Sunrun and Defendant Caine & Weiner Company, Inc.)

29. Plaintiff incorporates Paragraphs one (1) through twenty-eight (28).

30. At all times relevant to this action Defendants are subject to and must abide by the law of Florida, including Florida Statute § 559.72.

---

[2] BETTER BUSINESS BUREAU, https://www.bbb.org/

31. Defendants have violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

32. Defendants have violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

33. Defendants have violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

34. Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

### COUNT II
### (Intentional Infliction of Emotional Distress as to Defendant Sunrun Defendant Caine & Weiner Company, Inc.)

35. Plaintiff incorporates Paragraph one (1) through twenty eight (28).

36. The harassing and abusive conduct to Plaintiff, has caused severe emotional harm and distress, embarrassment, aggravation, and other losses.

37. It is illegal to forge Plaintiff's signature.

38. The damage to the Plaintiff was and is immense. The Plaintiff had a stunned sense of helplessness because she could not stop the debt notices after explaining over and over that she did not sign a contract and that the contract was forged and she wanted the debt harassment to end.

39. Defendant never had permission to collect this debt in the first place.

40. The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

## COUNT III
### (Violation of the FDCPA as to Defendant Caine & Weiner Company, Inc.)

41. Plaintiff incorporates Paragraphs twenty (20) through twenty eight (28).

42. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

43. Defendant engaged in an act or omission probitited by 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44. Defendant engaged in an act or omission prohibited by 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem proper.

Respectfully submitted,

*/s/ Amanda J. Allen*
Amanda J. Allen, Esq.
Florida Bar No. 0098228
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
401 East Jackson Street, Suite 2340
Tampa, FL  33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
Brenda@TheConsumerProtectionFirm.com